



**MEMO ENDORSED**

p. 2

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

PRATHYUSHA REDDY
*Assistant Corporation Counsel*
Tel: (212) 788-0963
Fax: (212) 788-9776

August 9, 2007

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/07

Re: Akeem Frazier v. City of New York, et al., 07 CV 5692 (RMB)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for defendants City of New York and the New York City Police Department.[1] I write with regard to the above-referenced matter in which plaintiff alleges that on or about December 14, 2006, he was arrested without probable cause and subjected to excessive force by police officers. Defendants respectfully request that the time to respond to the complaint be extended from the current due date of August 13, 2007, to October 12, 2007. Plaintiff's attorney, Mr. Nkereuwem Umoh, consents to this request.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. In addition, because plaintiff has alleged physical injury as a result of the events complained of, this office is also forwarding to plaintiff for execution a consent and

---

[1] Although NYPD is named as a defendant in this action, defendants note that NYPD is a non-suable entity. Wray v. City of New York, 340 F. Supp. 2d 291, 303 (2004).

authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident.[2]

Furthermore, upon information and belief, the named individual officer defendant Adam Sager was served with the summons and complaint in this action. This office has not discussed with the defendant the manner of service, and we make no representation herein as to the adequacy of process on defendant Sager. Although this office does not currently represent Adam Sager in this action, and assuming he was properly served, this office respectfully requests this extension on his behalf, in order that his defenses are not jeopardized while representational issues are being decided. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made by defendants. Accordingly, we respectfully request that defendants' time to answer or otherwise respond to the complaint be extended to October 12, 2007.

Thank you for your consideration herein.

Respectfully submitted,

Prathyusha Reddy (PR 5579)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY FAX (718) 360-1916
Nkereuwem Umoh, Esq.
Attorney for Plaintiff
255 Livingston Street
4th Floor
Brooklyn, NY 11217

APPLICATION GRANTED ON CONSENT.

SO ORDERED:
Date: 8/10/07
Richard M. Berman, U.S.D.J.

---

[2] In a telephone conversation with me on August 7, 2007, Mr. Umoh indicated that he is verifying whether plaintiff sought medical treatment and/or sustained injuries as a result of the alleged incident. In light of the fact that paragraph 11 of the complaint states a claim for excessive force, defendants are forwarding authorizations for the release of plaintiff's medical records in the event any treatment was conducted.