UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AKEEM FRAIZER,

                         Plaintiff,

-against-

CITY OF NEW YORK, ADAM SAGER; NEW YORK
CITY POLICE DEPARTMENT, DOES 1-10,

                        Defendants.

------------------------------------------------------------------- x

**ANSWER**

07 CV 5692 (RMB)

JURY TRIAL DEMANDED

       Defendants City of New York, New York City Police Department, and Adam Sager, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

       5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Adam Sager is employed by the City of New York in the New York City Police Department.

8. Plaintiff omits a paragraph "8" from the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint as it pertains to unidentified defendants.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and that it maintains a police department.

11. Deny the allegations set forth in the second paragraph "10" of the complaint.

12. Deny the allegations set forth in paragraph "11" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

15. Deny the allegations set forth in paragraph "14" of the complaint.

16. Deny the allegations set forth in paragraph "15" of the complaint.

17. Deny the allegations set forth in paragraph "16" of the complaint.

18. Deny the allegations set forth in paragraph "17" of the complaint.

19. Deny the allegations set forth in paragraph "18" of the complaint.

20. Deny the allegations set forth in paragraph "19" of the complaint.

21. Deny the allegations set forth in paragraph "20" of the complaint.

22. Deny the allegations set forth in paragraph "21" of the complaint.

23. Deny the allegations set forth in paragraph "22" of the complaint.

24. Deny the allegations set forth in paragraph "23" of the complaint.

25. Deny the allegations set forth in paragraph "24" of the complaint.

26. Deny the allegations set forth in paragraph "25" of the complaint.

27. Deny the allegations set forth in paragraph "26" of the complaint.

28. Deny the allegations set forth in paragraph "27" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about January 10, 2007, and any purported claims have not yet been adjusted and/or settled.

29. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff filed the instant action on or about June 21, 2007.

30. In response to paragraph "29" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "29" as though fully set forth herein.

31. Deny the allegations set forth in paragraph "30" of the complaint.

32. Deny the allegations set forth in paragraph "31" of the complaint.

33. Deny the allegations set forth in paragraph "32" of the complaint.

34. Deny the allegations set forth in paragraph "33" of the complaint.

35. In response to paragraph "34" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "34" as though fully set forth herein.

36. Deny the allegations set forth in paragraph "35" of the complaint.

37. Deny the allegations set forth in paragraph "36" of the complaint.

38. Deny the allegations set forth in paragraph "37" of the complaint.

39. Deny the allegations set forth in paragraph "38" of the complaint.

40. Deny the allegations set forth in paragraph "39" of the complaint.

41. In response to paragraph "40" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "40" as though fully set forth herein.

42. Deny the allegations set forth in paragraph "41" of the complaint.

43. Deny the allegations set forth in paragraph "42" of the complaint.

44. In response to paragraph "43" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "43" as though fully set forth herein.

45. Deny the allegations set forth in paragraph "44" of the complaint.

46. Deny the allegations set forth in paragraph "45" of the complaint.

47. Deny the allegations set forth in paragraph "46" of the complaint.

48. Deny the allegations set forth in paragraph "47" of the complaint.

49. Deny the allegations set forth in paragraph "48" of the complaint.

50. Deny the allegations set forth in paragraph "49" of the complaint.

51. Deny the allegations set forth in paragraph "50" of the complaint.

52. Deny the allegations set forth in paragraph "51" of the complaint.

53. Deny the allegations set forth in paragraph "52" of the complaint.

54. In response to paragraph "53" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "53" as though fully set forth herein.

55. Deny the allegations set forth in paragraph "54" of the complaint.

56. Deny the allegations set forth in paragraph "55" of the complaint.

57. Deny the allegations set forth in paragraph "56" of the complaint.

58. Deny the allegations set forth in paragraph "57" of the complaint.

59. In response to paragraph "58" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "57" as though fully set forth herein.

60. Paragraph "60" of the complaint contains conclusions of law rather than averments of fact and accordingly no response is required.

61. Deny the allegations set forth in paragraph "60" of the complaint.

62. Deny the allegations set forth in paragraph "61" of the complaint.

63. Deny the allegations set forth in paragraph "62" of the complaint.

64. Deny the allegations set forth in paragraph "63" of the complaint.

65. In response to paragraph "64" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "64" as though fully set forth herein.

66. Deny the allegations set forth in paragraph "65" of the complaint.

67. Deny the allegations set forth in paragraph "66" of the complaint.

68. Defendants state that the allegations contained in paragraph "67" of the complaint are conclusions of law rather than averments of fact and accordingly, no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

69. At all times relevant to the acts alleged in the complaint, defendant Adam Sager acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

71. Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

72. The New York City Police Department is not a suable entity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

73. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

74. There was probable cause for the plaintiff's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

75. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

76. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

77. Plaintiff has failed to comply with all conditions precedent to suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

78. Plaintiff's claims may be barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(h), (e) and (i).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

79. The individually named defendant Sager has not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

80. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

81. Plaintiff provoked any incident.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

82. There was reasonable suspicion and/or probable cause for any search.

**WHEREFORE,** defendants City of New York, the New York City Police Department and Adam Sager request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
October 12, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City, NYPD and Sager
                              100 Church Street, Room 3-166
                              New York, New York 10007
                              (212) 788-0963

                      By:     _____
                              Prathyusha Reddy (PR 5579)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:     <u>VIA ECF AND MAIL</u>
        Nkereuwem Umoh, Esq.
        Attorney for Plaintiff
        255 Livingston Street, 4th Floor
        Brooklyn, New York 11217

Docket No. 07 CV 5692 (RMB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| AKEEM FRAIZER,<br><br>                                      Plaintiff,<br><br>                -against-<br><br>CITY OF NEW YORK, ADAM SAGER, NEW YORK CITY POLICE DEPARTMENT, DOES 1-10,<br><br>                                      Defendants. |
| **ANSWER ON BEHALF OF CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT AND ADAM SAGER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City, NYPD, and Sager*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Prathyusha Reddy*<br>*Tel: (212) 788-0963* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................, 2007*<br><br>*................................................................ Esq.*<br><br>*Attorney for ...........................................* |

- 9 -